```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

FRANCISO A. REYES,                :

                   Petitioner,    :   04 Civ. 564 (BSJ)(HBP)

     -against-                    :   REPORT AND
                                      RECOMMENDATION
UNITED STATES DRUG ENFORCEMENT    :
ADMINISTRATION,
                   Respondent.    :

----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE BARBARA S. JONES, United States District Judge,

I. Introduction

Petitioner Francisco A. Reyes filed a pro se petition for the return of property pursuant to Rule 41(g) (mis-cited by Reyes as 41(e)[1]) of the Federal Rules of Criminal Procedure. Reyes seeks the return of United States currency, in the amounts of $129,800.00, $2,044.00 and $50,000.00, which was seized in connection with a criminal case against Reyes and, subsequently, administratively forfeited to the United States by the respondent, the United States Drug Enforcement Administration ("DEA"). The Government's response to the petition requests that the

---

[1]In 2002, the contents of former Rule 41(e) were re-codified at Rule 41(g). See Advisory Committee's Notes on 2002 Amendments to Fed.R.Crim.P. 41.

petition be dismissed or that summary judgment be granted in favor of the Government (Government's Memorandum in Response to Petitioner's Motion for the Return of Property, dated May 27, 2005 ("Gov. Mem."), at 6; Docket Item 7).

For the reasons set forth below, I respectfully recommend that the petition be dismissed.

II. Facts

On November 18, 1998, DEA agents executed federal search and arrest warrants at Reyes's then residence, 612 West 144th Street, Apt. No. BB2, New York, New York. Reyes, who was present during the search, provided the agents with the combination to a safe located in his living room. The agents seized $129,800 in United States currency from the safe. The agents also seized $2,044 in United States currency from a black box in Reyes's bedroom (Petition for Return of Property in U.S. Currencies, dated November 6, 2003 ("Pet."), at 2; Gov. Mem. at 1).

On December 8, 1998, agents executed another search warrant for a safe deposit box, bearing number 571, located in Chase Manhattan Bank, 3315 Broadway, New York, New York. The agents seized $50,000 in United States currency from the safe deposit box (Pet. at 2; Gov. Mem. at 2).

After the above currency was seized, "the DEA performed a legal review and determined that the currency was subject to administrative forfeiture" (Declaration of Lawrence A. D'Orazio, Acting Forfeiture Counsel of the Drug Enforcement Administration, executed April 26, 2005, annexed to Gov. Mem. as Exhibit A ("D'Orazio Decl."), at ¶¶ 4(a), 4(h), 4(o)).

On December 28, 1998, pursuant to 19 U.S.C. § 1607(a), the DEA mailed petitioner two separate notices entitled "Notice[s] of Seizure." One notice concerned the seizure of the $129,800 from the safe in petitioner's residence, (D'Orazio Decl. ¶¶ 4(i)-(j) and Exs. 11, 13 attached thereto), while the other notice concerned the seizure of the $2,044 from the black box in petitioner's residence (D'Orazio Decl. ¶¶ 4(b)-(c) and Exs. 1, 3 attached thereto). Each notice provided, in pertinent part:

**NOTICE OF SEIZURE**

> The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture under Title 21, United States Code (U.S.C.), Section 881, because it was used in a **drug-related offense**. . . . The Seizure date and place, as well as other pertinent information regarding the property are also shown above.
>
> Pursuant to Title 19, U.S.C. Sections 1602-1619, and Title 21 Code of Federal Regulations (C.F.R.), Sections 1316.71-1316.81, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in it (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in court. Also, under certain circumstances, you may petition for the expedited release of the property. **You should review the following procedures very carefully.**

> . . . .
>
> **<u>TO CONTEST THE FORFEITURE</u>**
>
> In addition to or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim of ownership and a cost bond with the DEA. Submit the bond in the amount shown above in the form of a cashier's check or a certified check payable to the U.S. Department of Justice, or present satisfactory surety. Claims must be signed by the parties making the claim. Unsupported submissions signed by attorneys are insufficient to satisfy the requirement the claims for personally executed. <u>United States v. Fifteen Thousand Five Hundred Dollars</u>, 558 F.2d 1359, 1360 (9th Cir. 1977). If you are indigent (needy and poor) you may not have to post the bond. . . . The claim of ownership, with either bond or "Declaration in Support of Request to Proceed <u>In Forma Pauperis</u>" must be filed within twenty (20) days of the first date of publication of the notice of seizure in the edition of the USA Today newspaper referenced above. The notice will be published for three successive weeks.

(Exs. 1, 3, 11, 13 attached to D'Orazio Decl. (emphasis in original)).

Each notice was sent to petitioner by certified mail, return receipt requested. The notices were mailed to petitioner at both of the following addresses: (1) the Metropolitan Correctional Center, 150 Park Row, New York, NY 10007 (D'Orazio Decl. ¶¶ 4(b), 4(i) and Exs. 2, 12 attached thereto) and (2) 612 West 144th Street, No. BB2, New York, NY 10031 (D'Orazio Decl. ¶¶ 4(c), 4(j) and Exs. 4, 14 attached thereto). However, the United States Postal Service returned the notices addressed to the Metropolitan Correctional Center to the DEA marked: "I/M NOT AT

4

MCC" (D'Orazio Decl. ¶¶ 4(b), 4(i) and Exs. 2, 12 attached thereto). The Postal Service also returned the notices addressed to 612 West 144th Street marked: "RETURN TO SENDER-ATTEMPTED-NOT KNOWN" (D'Orazio Decl. ¶¶ 4(c), 4(j) and Exs. 4, 14 attached thereto).

On January 13, 1999, the DEA sent another set of notices, certified mail, return receipt requested, to the 612 West 144th Street address (D'Orazio Decl. ¶¶ 4(e), 4(l) and Exs. 6, 16 attached thereto). These mailings contained a cover letter, in addition to the "Notice of Seizure," which stated:

> Enclosed is a Notice of Seizure which provides certain information to interested parties regarding the Government's intention to forfeit the described property. Although the notice states that all parties have twenty (20) days from the first date of publication in the USA Today newspaper, because of an unavoidable delay in sending this notice to you, the Drug Enforcement Administration will allow you twenty (20) days from receipt of this letter to respond as you deem appropriate. Please carefully read the entire notice.

(D'Orazio Decl. ¶¶ 4(e), 4(l) and Exs. 6, 16 attached thereto). The mailings containing the cover letter and seizure notice were delivered to and accepted by a "Maria Reyes" on January 23, 1999 as evidenced by the signed return receipt cards appended to the D'Orazio Declaration (D'Orazio Decl. ¶¶ 4(e), 4(l) and Exs. 6, 16 attached thereto).

In addition to the above notices, and pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75, notices of the seizure of $129,800 and $2,044 from petitioner's residence were published

5

in USA Today on January 6, 13 and 20, 1999.  Like the mailed notices, the notices in USA Today explained the option of filing a petition for remission or mitigation of forfeiture, as well as the procedure for contesting the forfeiture in United States District Court (D'Orazio Decl. ¶¶ 4(d), 4(k) and Exs. 5, 15 attached thereto).

On March 12, 1999, after discovering that petitioner had been transferred to a different federal penitentiary, the DEA sent another set of notices concerning the seizure of $129,800 and $2,044 from 612 West 144th Street.  These notices were sent certified mail, return receipt requested to Francisco A. Reyes, a/k/a "Alex," Prisoner ID No. 45582-054, Otisville Federal Penitentiary, FCI Otisville, PO Box 1000, Otisville, NY 10963. These mailings also contained a cover letter identical to the one enclosed with the DEA's January 13, 1999 mailing, giving petitioner an additional "twenty (20) days from receipt of this letter to respond" as he deemed appropriate (D'Orazio Decl. ¶¶ 4(f), 4(m) and Exs. 8, 18 attached thereto).  The mailings containing the cover letter and seizure notice were delivered to the facility and accepted by an unidentifiable individual at FCI Otisville on March 18, 1999 as evidenced by the illegible signed return receipt cards appended to the D'Orazio Declaration (D'Orazio Decl. ¶¶ 4(f), 4(m) and Exs. 9, 19 attached thereto).

On April 22, 1999, after the time for filing a claim and cost bond had expired, the DEA administratively forfeited the $2,044 sum to the United States pursuant to 19 U.S.C. § 1607(a) (D'Orazio Decl. ¶ 4(g) and Ex. 10 attached thereto). On May 11, 1999, after the time for filing a claim and cost bond had similarly expired, the DEA also administratively forfeited the $129,800 sum to the United States (D'Orazio Decl. ¶ 4(n) and Ex. 20 attached thereto).

With respect to the $50,000 seized from the Chase Manhattan Bank safe deposit box, the DEA sent notices of seizure on January 25, 1999, identical to the one quoted above, to the following addresses: (1) Franciso Reyes, a/k/a "Alex," Prisoner ID No. 45582-054, Metropolitan Correctional Center, 150 Park Row, New York, NY 10007 (D'Orazio Decl. ¶ 4(p) and Ex. 21 attached thereto); (2) Franciso Reyes, a/k/a "Alex," 612 West 144th Street, No. BB2, New York, NY 10031 (D'Orazio Decl. ¶ 4(q) and Ex. 23 attached thereto); (3) Franciso Reyes, a/k/a "Alex," 612 West 144th Street, No. E3, New York, NY 10031 (D'Orazio Decl. ¶ 4(r) and Ex. 25 attached thereto); (4) petitioner's attorney in the criminal case, Ted DeValle, Esq., 300 Park Avenue, Suite 1940, New York, NY 10022 (D'Orazio Decl. ¶ 4(s) and Ex. 27 attached thereto); (5) Maria Reyes, 612 West 144th Street, No. BB2, New York, NY 10031 (D'Orazio Decl. ¶ 4(t) and Ex. 29 attached thereto), and (6) Chase Manhattan Bank, ATTN: Unknown, 3515

Broadway, New York, NY 10031 (D'Orazio Decl. ¶ 4(u) and Ex. 31 attached thereto).

The United States Postal Service returned the notice addressed to the Metropolitan Correctional Center to the DEA marked: "Return to Sender: Inmate no longer at this facility" (D'Orazio Decl. ¶ 4(p) and Ex. 22 attached thereto). However, all of the other notices were delivered and accepted as evidenced by the signed return receipt cards appended to the D'Orazio Declaration (D'Orazio Decl. ¶¶ 4(q)-(u) and Exs. 24, 26, 28, 30, 32 attached thereto).

In addition to these mailed notices, notice of the seizure of the $50,000 from petitioner's safe deposit box was published in USA Today on February 3, 10 and 17, 1999. As noted above, the notices in USA Today explained the procedure for filing a petition for remission or mitigation, as well as the procedure for contesting the forfeiture in United States District Court (D'Orazio Decl. ¶ 4(v) and Ex. 33 attached thereto).

On April 9, 1999, after discovering that petitioner had been transferred to a different federal penitentiary, the DEA sent another notice concerning the $50,000 seized from petitioner's safe deposit box. The notice was sent certified mail, return receipt requested to Francisco A. Reyes, a/k/a "Alex," Prisoner ID No. 45582-054, Otisville Federal Penitentiary, FCI Otisville, PO Box 1000, Otisville, NY 10963. The

mailing also contained a cover letter with identical language to the one quoted on page 5, giving petitioner an additional "twenty (20) days from receipt of this letter to respond" as he deemed appropriate (D'Orazio Decl. ¶ 4(w) and Ex. 34 attached thereto). The mailing containing the cover letter and seizure notice was delivered to the facility and accepted by an unidentifiable individual at FCI Otisville on April 14, 1999 as evidenced by the illegible signed receipt card that is appended to the D'Orazio Declaration (D'Orazio Decl. ¶ 4(w) and Ex. 35 attached thereto).

On June 11, 1999, after the time for filing a claim and cost bond had expired, the DEA administratively forfeited $50,000 in United States currency to the United States pursuant to 19 U.S.C. § 1607(a) (D'Orazio Decl. ¶ 4(x) and Ex. 36 attached thereto).

The petition giving rise to this action was received by the Pro Se Clerk's Office on November 10, 2003 and was filed with the Clerk of the Court on January 23, 2004.

III. Analysis

    1.    Construing Petitioner's
          Rule 41(g) motion as a Civil Complaint

As a threshold matter, petitioner has improperly asserted his claim as a motion brought pursuant to Fed.R.Crim.P. 41(g). Rule 41(g) does not apply to civil forfeiture proceedings. See Fed.R.Crim.P. 1(a)(5)(B) ("Proceedings not governed by these rules include: . . . a civil property forfeiture for violating a federal statute . . . ."); Guzman v. United States, 05 Civ. 4902 (LBS), 2005 WL 2757544 at *1 (S.D.N.Y. Oct. 24, 2005) ("[C]ivil property forfeiture[s]" are "excluded proceedings" under Fed.R.Crim.P. 1(a)(5)(B)); United State v. Douleh, 220 F.R.D. 391, 396 (W.D.N.Y. 2003) ("Civil forfeiture proceedings . . . are not governed by the Federal Rules of Criminal Procedure.").

Despite this technical error, I construe petitioner's motion as a civil complaint seeking equitable relief challenging the adequacy of the notice of administrative forfeiture. See, e.g., Dusenbery v. United States, 534 U.S. 161, 165 (2002) (noting, with approval, the Sixth Circuit's finding that the district court "abused its discretion . . . by not construing [petitioner's Rule 41(e)] motion as a civil complaint seeking equitable relief for a due process challenge to adequacy of the notice of the administrative forfeiture"); see also Polanco v.

United States Drug Enforcement Admin., 158 F.3d 647, 650-51 (2d Cir. 1998); Weng v. United States, 137 F.3d 709, 711 n. 1 (2d Cir. 1998), abrogated on other grounds by Dusenbery v. United States, supra, 534 U.S. at 167 n.3; United States v. David, 131 F.3d 55, 61 (2d Cir. 1997); Boero v. United States Drug Enforcement Admin., 111 F.3d 301, 303 n. 1 (2d Cir. 1997); Guzman v. United States, supra, 2005 WL 2757544 at *1; Aristizabal v. United States, 02-CV-5966 (DGT), 2005 WL 1594339 at *2 n.2 (E.D.N.Y. June 27, 2005).

2. Applicable Law

In 2000, Congress enacted the Civil Assets Forfeiture Reform Act of 2000 ("CAFRA"), which constituted a "comprehensive revision of the federal civil forfeiture laws . . . ." United States V. 479 Tamarind Drive, 98 Civ. 2279 (RLC), 2005 WL 2649001 at *2 (S.D.N.Y. Oct. 14, 2005). Because CAFRA post-dates the relevant events in this case, it does not apply here.

Section 21 of CAFRA provides: "Except as provided in section 14(c), this Act and the amendments made by this Act shall apply to any forfeiture proceeding commenced on or after the date that is 120 days after the date of the enactment of this Act." Pub. L. No. 106-185, § 21, 114 Stat. 202, 225. Since CAFRA was enacted on April 25, 2000, its effective date is August 23, 2000. "[F]or purposes of [CAFRA's] effective date provision, the date

on which a forfeiture proceeding is commenced is the date on which the first administrative notice of forfeiture relating to the seized property is sent." 146 Cong. Rec. H2040, H2051 (daily ed. April 11, 2000) (statement of Rep. Hyde); see also In re Wright, 03-0037, 2004 WL 2314526 at *3 (E.D. La. Oct. 13, 2004) (CAFRA "applies only to any forfeiture proceeding commenced on or after August 23, 2000. 'Commenced' is the date on which the first administrative notice of forfeiture relating to the property is sent."), citing Stefan D. Cassella, The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties, 27 J. Legis. 97, 117 (2001). "CAFRA does not apply to actions filed before its effective date." United States v. Collado, 348 F.3d 323, 326 (2d Cir. 2003); accord United States v. Parcel of Property, 337 F.3d 225, 227 (2d Cir. 2003); United States v. $557,933.89, 287 F.3d 66, 76 n.5 (2d Cir. 2002).

In this case, the first administrative notices relating to each of the three lots of seized property were mailed on December 28, 1999 and January 25, 1999, well before CAFRA's August 23, 2000 effective date. Accordingly, petitioner's claim must be adjudicated under pre-CAFRA law. See Guzman v. United States, supra, 2005 WL 2757544 at *1, n.2.

3. **Petitioner Was Given Sufficient
   <u>Notice of the Administrative Forfeitures</u>**

Petitioner's assets were administratively forfeited pursuant to 21 U.S.C. § 881, under which the United States is authorized to seize and forfeit "all moneys . . . furnished or intended to be furnished . . . in exchange for a controlled substance . . . [and] all proceeds traceable to such an exchange . . . ." 21 U.S.C. § 881(a)(6). Where, as here, the seized property is valued at $500,000 or less, forfeiture of the property may proceed administratively rather than through judicial action. See 19 U.S.C. § 1607; 21 U.S.C. § 881(d).

The procedure for the administrative forfeiture of assets under 21 U.S.C. § 881 has been outlined by the Honorable William H. Pauley III, United States District Judge, in <u>Patterson v. United States</u>, 04 Civ. 3170 (WHP), 2005 WL 2414765 at *3 (S.D.N.Y. Sept. 27, 2005):

> The responsible federal agency may initiate administrative forfeiture proceedings by sending written notice to all interested parties and publishing notice of the seizure and the intended forfeiture. 19 U.S.C. § 1607(a)(4); 21 C.F.R. § 1316.75. Once properly noticed, an interested party has twenty days to contest the forfeiture by filing a claim with the DEA and either posting a cost bond or a declaration of his inability to do so. 19 U.S.C. § 1608; 21 C.F.R. § 1316.78. If a claim is timely filed, the administrative forfeiture is converted into a judicial forfeiture. 19 U.S.C. § 1608; 21 C.F.R. § 1316.28. If no claim is filed, the property is forfeited by default. 19 U.S.C. § 1609; 21 C.F.R. § 1316.77.

13

See also United States v. Arthur, 263 F. Supp.2d 703, 704 (S.D.N.Y. 2003) (outlining the procedure for administratively forfeiting assets seized under 21 U.S.C. § 881); Walker v. United States United States Drug Enforcement Admin., 01 Civ. 3668 (SHS). 2002 WL 1870131 at *1 (S.D.N.Y. Aug. 14, 2002) (same); Brown v. United States, 208 F. Supp.2d 403, 404-05 (S.D.N.Y. 2002) (same).

Federal courts generally lack jurisdiction to review the merits of completed administrative forfeitures. Courts may, however, review a completed administrative forfeiture to ensure that the claimant received "adequate notice of the forfeiture proceedings." Patterson v. United States, supra, 2005 WL 2414765 at *3 (applying CAFRA), citing Boero v. United States Drug Enforcement Admin., supra, 111 F.3d at 304-05 (applying pre-CAFRA law) and United States v. One 1987 Jeep Wrangler Auto., 972 F.2d 472, 479-80 (2d Cir. 1992) (applying pre-CAFRA law); see also Lopes v. United States, 862 F. Supp. 1178, 1185 (S.D.N.Y. 1994) (applying pre-CAFRA law). Thus, the only issue to be resolved is whether petitioner received notice of the forfeitures sufficient to comport with the Fifth Amendment's Due Process requirement.

The Due Process Clause of the Fifth Amendment requires that "individuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Property, 510 U.S. 43, 48

(1993); accord Dusenbery v. United States, supra, 534 U.S. at 167.

> In the context of administrative forfeitures, proper notice is that which is "'reasonably calculated under all the circumstances' to apprise [interested parties] of the pendency of the cash forfeiture proceeding." Dusenbery v. United States, 534 U.S. 161, 168 (2002) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); accord Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1161 (2d Cir. 1994). Actual notice is not required. Dusenbery, 534 U.S. at 170. When the interested party is incarcerated, sending notice by certified mail to the prisoner at his correctional facility satisfies due process. Dusenbery, 534 U.S. at 168-69.

Patterson v. United States, supra, 2005 WL 2414765 at *3; see also United States v. Hewett, 02 Cr. 150 (LAP), 2003 WL 21355217 at *2 (S.D.N.Y. June 10, 2003) (same).

As noted above, "[i]n Dusenbery, the Supreme Court sustained the reasonableness of effecting notice of forfeiture on a potentially interested party who is incarcerated by mailing such notice to the facility in which the individual is being held." United States v. Arthur, supra, 263 F. Supp.2d at 705. Whether petitioner actually received the notices of forfeiture "is not dispositive, since the Government need not ensure actual notice to comport with due process." Patterson v. United States, supra, 2005 WL 2414765 at *4.

Furthermore, in Bye v. United States, 105 F.3d 856, 857 (2d Cir. 1997), the Court of Appeals for the Second Circuit held that a forfeiture notice sent to the attorney who represented the

15

defendant in the underlying criminal proceeding is adequate notice to satisfy Due Process.  See also Patterson v. United States, supra, 2005 WL 2414765 at *4.

Petitioner alleges that the "DEA did not file, and petitioner did not receive any Administrative seizure, or forfeiture notice to [sic] any of the seized property" (Pet. at 2).  Petitioner's argument, however, is not supported by the record or the standard for adequate notice set forth in Dusenbery and its progeny.

First, notice of the forfeitures was published in USA Today, a newspaper of general circulation, on January 6, 13 and 20, 1999 with respect to $129,800 and $2,044 seized from petitioner's residence, and on February 3, 10 and 17, 1999 with respect to the $50,000 seized from petitioner's safe deposit box (D'Orazio Decl. ¶¶ 4(d), 4(k), 4(v) and Exs. 5, 15, 33 attached thereto).

Second, with respect to the $50,000 seized from petitioner's safe deposit box, the DEA sent a notice of seizure on January 25, 1999 to petitioner's attorney in the criminal case, Ted DeValle, Esq., 300 Park Avenue, Suite 1940, New York, NY 10022 (D'Orazio Decl. ¶ 4(s) and Ex. 27 attached thereto). This notice squarely comports with Due Process.  See Bye v. United States, supra, 105 F.3d at 857; Patterson v. United States, supra, 2005 WL 2414765 at *4.

Finally, notices were sent by certified mail, return receipt requested, to petitioner at the Otisville Federal Penitentiary during the period that Reyes was incarcerated at FCI Otisville. With respect to the $129,800 and the $2,044 seized from 612 West 144th Street, notices were sent to FCI Otisville on March 12, 1999 and accepted on March 18, 1999 as evidenced by the signed return receipt cards (D'Orazio Decl. ¶¶ 4(f), 4(m) and Exs. 8-9, 18-19 attached thereto). With respect to the $50,000 seized from petitioner's safe deposit box, notice was sent to FCI Otisville on April 9, 1999 and accepted on April 14, 1999, also as evidenced by the signed return receipt card (D'Orazio Decl. ¶ 4(w) and Exs. 34, 35 attached thereto). All of theses notices gave petitioner an additional "twenty (20) days from receipt of [the notice] to respond" as he deemed appropriate.

The above referenced mailings were "'reasonably calculated under all the circumstances' to apprise [Reyes] of the pendency of the cash forfeiture proceeding." Dusenbery v. United States, supra, 534 U.S. at 168, quoting Mullane v. Cent. Hanover Bank & Trust Co., supra, 339 U.S. at 314 (1950).

> The government sent written notice of the seizure and imminent forfeiture to Petitioner by certified mail, return receipt requested. Petitioner was incarcerated at the Hudson County Jail in New Jersey on the day written notice was accepted, and the return receipt indicated that the mail was accepted at the jail for Petitioner. The government has a copy of the receipt. The record reflects that notice was published for three successive weeks in USA Today.

17

> The Supreme Court has found that such notice comports with the requirements of the Fifth Amendment's Due Process Clause.

Guzman v. United States, supra, 2005 WL 2757544 at *3. See also Patterson v. United States, supra, 2005 WL 2414765 at *4 ("[I]t is sufficient that the DEA mailed the notices to the correctional facility where [petitioner] was incarcerated and confirmed receipt.").

Therefore, in accordance with the standard delineated by the Supreme Court in Dusenbery, the DEA provided Reyes with adequate notice of each forfeiture proceeding.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that Reyes's civil complaint for the return of the above referenced administratively forfeited assets be dismissed.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report to file written objections. See also Fed.R.Civ.P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the

Honorable Barbara S. Jones, United States District Judge, 40 Centre Stree, Room 2103, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
February 10, 2006

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Francisco A. Reyes
Reg. No. 45582-054
Unit 5703-2
FCI Fort Dix, East
P.O. Box 2000
Fort Dix, New Jersey 08640

Christina P. Bischoof, Esq.
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007